**SOUTHEASTERN PROMOTIONS, LTD.,**
Plaintiff-Appellant,

v.

**CITY OF MOBILE, ALABAMA, a Municipal Corporation et al., Defendants-Appellees.**

No. 72-1408.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1972.

Supplemental Opinion Feb. 29, 1972.

Ronald D. Nickum, Amarillo, Tex., for plaintiff-appellant.

Fred G. Collins, James Lackey, Asst. City Atty., Mobile, Ala., for defendants-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

BY THE COURT:

On consideration of appellant's motion for injunction pending appeal, the Court being of the opinion that a full and meaningful hearing of plaintiff's motion for preliminary injunction was not held in the court below;

It is ordered that the District Court's judgment denying plaintiff's motion for a preliminary injunction herein, be vacated. This case is remanded to the District Court for an immediate hearing and reconsideration of the denial of preliminary injunction. A full and meaningful hearing should be held forthwith and the matter expeditiously disposed of by the Trial Court.

SUPPLEMENTAL OPINION

On yesterday, February 28, 1972, we considered appellant's motion for injunction pending appeal and issued our order vacating the District Court's judgment denying plaintiff's motion for a preliminary injunction. We also remanded the case to the District Court for an immediate hearing and reconsideration of the denial of preliminary injunction. We said that a full and meaningful hearing should be held forthwith and the matter expeditiously disposed of by the Trial Court.

The Trial Court has apparently misconstrued our order and declined to grant the immediate hearing required by us and has set the matter for hearing on tomorrow, March 1, 1972, at 5 p. m. Plaintiff has sued for the use of the Mobile Municipal Auditorium for the exhi-

bition of its musical production "Hair" on today, February 29, 1972, and thereafter on March 1 and 2, 1972. It is apparent that the immediate and prompt disposition which we ordered in this case will not occur under the circumstances.

Appellant has now renewed its motion for injunction pending appeal and counsel for plaintiff and defendants have personally presented themselves before a member of the panel of this Court today and offered their arguments in support of and in opposition to the granting of an injunction, and the Court has before it a transcript of the proceedings held before the District Court today, in which the Trial Court has stated that the matter will not be reached until tomorrow at 5 p. m.

The question of the right to present the musical production "Hair" has been considered in Southeastern Promotions, Ltd. v. City of Atlanta, Georgia (D.C.N. D.Ga.1971), 334 F.Supp. 634, and in Southeastern Promotions, Ltd. v. City of Birmingham (D.C.N.Ala.), CA No. 71–1158, in which the Federal District Courts in each instance required city authorities to permit the use of municipal auditorium facilities for the exhibition of this production. See also to the same effect: Southwest Productions, Inc. v. Freeman (D.C.Ark.1971), (Little Rock, Arkansas), and Southeastern Promotions, Ltd. v. City of Charlotte (D.C.N. C.1971), 333 F.Supp. 345 (Charlotte, North Carolina). A contrary result was reached in Southeastern Promotions, Ltd. v. City of West Palm Beach, No. 71–1461–Civ–EC (DCSDFla.1971), and that matter is on appeal to this Court and is under submission before another panel.

■■ There has been no showing of any good and sufficient reason why defendants should not permit the use of the Mobile Municipal Auditorium for the musical production "Hair" on February 29, 1972 and March 1 and 2, 1972. We conclude, as did Judge Edenfield in *City of Atlanta*, supra, that the musical production "Hair" is speech and entitled to First Amendment protection, and that "a public forum for expression must be available to all members of the public for the exercise of First Amendment rights." A city auditorium is such a public forum and its use may not be refused to a production because it is not the type of entertainment which appeals to the auditorium board. As was said in United States Servicemen's Fund v. Shands, 4 Cir., 1971, 440 F.2d 44, 46:

"It is much too late in the history of the First Amendment to seriously suggest that public officials managing a public facility may pick and choose the philosophical and ideological content of programs using public auditoriums."

Under the circumstances, we cannot countenance this prior restraint on freedom of speech and irreparable harm and damage will ensue, if we do not order the District Court to enter the injunction and other relief which is sought by plaintiff.

■ Accordingly, appellant is entitled to have an injunction pending appeal which will direct the use of the Mobile Municipal Auditorium on the dates of February 29, March 1 and 2, 1972. Therefore, this Court's order of February 28, 1972 is herewith amended, so as to provide that the District Court shall immediately and forthwith, today, upon receipt of the text of this order by telephone communication from the Clerk of this Court to the Clerk of the District Court, grant a preliminary injunction in the manner and form sought by plaintiff in order that the production "Hair" may be presented in the Mobile Municipal Auditorium on the dates above referred to, beginning today.