THE STATE, EX REL. KEATING, APPELLEE, *v.* A MOTION
PICTURE FILM ENTITLED "VIXEN" ET AL., APPELLANTS.

[Cite as State, ex rel. Keating, v. Vixen (1973),
35 Ohio St. 2d 215.]

(No. 70-554—Decided September 26, 1973.)

*Messrs. Keating, Muething & Klekamp* and *Mr. James J. Clancy*, for appellee.

*Messrs. Mesh & Moskowitz* and *Mr. Elmer Gertz*, for appellants.

*Per Curiam.* Of the cases cited in the mandate of the Supreme Court of the United States remanding the cause to this court, *Miller* v. *California* enunciates the standards applicable in determining whether material is obscene and thus "unprotected by the First Amendment." *Miller* v. *California* (1973), 37 L. Ed. 2d 419, 430.

In the opinion in *Miller*, after noting "* * * the inherent dangers of undertaking to regulate any form of expression," Chief Justice Burger, at pages 430-432, stated:

"State statutes designed to regulate obscene materials must be carefully limited. See *Interstate Circuit, Inc.,* v. *Dallas, supra,* 390 U. S., at 682-685 (1968). As a result, we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a

whole, appeals to the prurient interest, *Kois* v. *Wisconsin, supra,* 408 U. S., at 230 (1972), quoting *Roth* v. *United States, supra,* 354 U. S., at 489 (1957), (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. We do not adopt as a constitutional standard the '*utterly* without redeeming social value' test of *Memoirs* v. *Massachusetts, supra,* 383 U. S., at 419 (1966); that concept has never commanded the adherence of more than three Justices at one time. * * * If a state law that regulates obscene material is thus limited, as written or construed, the First Amendment values applicable to the States through the Fourteenth Amendment are adequately protected by the ultimate power of appellate courts to conduct an independent review of constitutional claims when necessary. See *Kois* v. *Wisconsin, supra,* 408 U. S., at 232 (1972); *Memoirs* v. *Massachusetts, supra,* 383 U. S., at 459-460 (1966) (Harlan, J., dissenting); *Jacobellis* v. *Ohio,* 378 U. S. 184, 204 (1964) (Harlan, J., dissenting); *New York Times Co.* v. *Sullivan,* 376 U. S. 254, 284-285 (1964); *Roth* v. *United States, supra,* 354 U. S., at 497-498 (1957) (Harlan, J., concurring and dissenting).

"We emphasize that it is not our function to propose regulatory schemes for the states. That must await their concrete legislative efforts. It is possible, however, to give a few plain examples of what a state statute could define for regulation under the second part (b) of the standard announced in this opinion, *supra:*

"(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

"(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.

"Sex and nudity may not be exploited without limit by films or pictures exhibited or sold in places of public accommodation any more than live sex and nudity can be

exhibited or sold without limit in such public places. At a minimum, prurient, patently offensive depiction or description of sexual conduct must have serious literary, artistic, political, or scientific value to merit First Amendment protection. * * *''

When this cause was before this court initially, the obscenity statutes, R. C. 2905.34 and 2905.35, were construed and applied to the motion picture, ''Vixen.''

In the course of the opinion, at pages 284 and 285, this court stated:

''Those two sections [R. C. 2905.34 and 2905.35], now the law of Ohio, when construed together and applied to the instant facts, effectively provide that: 'No person, with knowledge of the content and character of the . . . motion picture . . . involved, shall . . . present *such* motion picture . . . before an audience *which* contains a series of displays . . . of . . . sexual intercourse . . . the cumulative effect of which is a dominant tendency to appeal to prurient interest, when the appeal to such interest is . . . for commercial exploitation. . . .' (Italicized words supplied.) So stated, they proscribe conduct which 'bears no necessary relationship to the freedom to speak, write, print or distribute information or opinion.' *Schneider* v. *State* (1939), 308 U. S. 147, 161, 84 L. Ed. 155, 60 S. Ct. 146, 150.

''Doubt can no longer remain that the depiction of purported acts of sexual intercourse on the movie screen and the public exhibition thereof 'for commercial exploitation rather than for a genuine, scientific, educational, sociological, moral, or artistic purpose' is forbidden by Ohio law. Here, there is no dispute as to the fact that 'Vixen' does depict numerous acts of purported sexual intercourse, and obviously it does so for a commercial purpose. * * *

''* * *

''Therefore, where scenes in a motion picture film depict purported acts of sexual intercourse and are exhibited for commercial exploitation, those scenes are violative of R. C. 2905.34 and 2905.35, constitute a 'nuisance' within the

meaning of R. C. 3767.01, and their exhibition may be enjoined as provided in R. C. 3767.02 *et seq.*"

This court is of the opinion that the statutes applied in this cause initially by the court comport with the standards enunciated in *Miller*. Therefore, we adhere to our holding that the motion picture film Vixen "does depict numerous acts of purported sexual intercourse . . . for a commercial purpose," in violation of R. C. 2905.34 and 2905.35, and that its "exhibition may be enjoined as provided in R. C. 3767.02, *et seq.*"

*Former judgment adhered to.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.