**106 FORSYTH CORPORATION d/b/a Paris Theatre, Plaintiff-Appellant,**

v.

**Julius F. BISHOP, In his capacity as Mayor of the City of Athens, Etc., et al., Defendants-Appellees.**

**No. 72–1389.**

United States Court of Appeals, Fifth Circuit.

July 19, 1973.

Rehearing Denied Nov. 2, 1973.

———◆———

D. Freeman Hutton, Atlanta, Ga., Robert Eugene Smith, Towson, Md., R. Bruce Lowry, Athens, Ga., for plaintiff-appellant.

Joseph J. Gaines, Athens, Ga., for defendants-appellees.

Before TUTTLE, COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

On the authority of Paris Adult Theatre I v. Slaton, —— U.S. ——, 93 S.Ct. 2628, 37 L.Ed.2d 446 [1973], the judgment appealed from is affirmed. The opinion of the district court is reported at 362 F.Supp. 1389 [Athens Division Middle District of Georgia, 1972].

In affirming the court below we hold that premising the revocation of a movie house license upon a violation of a valid state law or city ordinance forbidding the exhibition of sexually explicit material does not violate the right of free speech vouchsafed under the First Amendment.

Moreover, we find no constitutional infirmity in the revocation procedures under the circumstances of this case. We do not reach the question whether the city council hearing combined with the right of the losing party to *seek* certiorari from the Superior Court, Georgia Code 19–101, which is granted only when "sanctioned" by the Superior Court judge, Georgia Code 19–203, would provide the full adversary judicial determination of obscenity required by the Supreme Court before final restraint. Freedman v. Maryland, 380 U. S. 51, 58, 85 S.Ct. 734, 13 L.Ed.2d 649; Paris Adult Theatre I v. Slaton, *supra,* —— U.S. at ——, 93 S.Ct. at 2628.

Whatever question may be raised about the nature of the review afforded under the Georgia law and the right to have supersedeas pending final appeal thereafter under other circumstances, no such question stated is present here. The trial court stated

> defense counsel stated in open court that in the event of a ruling in this case favorable to the mayor and council the defendants would withhold actual revocation until plaintiff has had full opportunity to exhaust all appellate review.

Thus, the plaintiff is assured that it will get its question whether these showings were protected by the First Amendment finally determined by the highest court of the State of Georgia, and then have an opportunity to have that decision reviewed in the Supreme Court of the United States if it desires to do so, before any restraint by way of revocation of its license can occur.

We express no opinion as to whether the Georgia obscenity statute, Ga. Code § 26–2101, or that portion of the Athens city ordinance promulgated pursuant to Ga. Code § 23–3401 et seq. which defines "sexual conduct" are constitutional in all respects. The construction and interpretation of these Georgia laws and ordinances is a task for the Georgia courts, United States v. 12 200-Ft. Reels, —— U.S. ——, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973) (#70–2, June 21, 1973, 41 L.W. 4961); Paris Adult Theatre I v. Slaton, *supra.* An abstract federal review of all possible applications of these provisions would be improper. The right of the plaintiff to have the First Amendment issues resolved in a federal form will be adequately protected if it is accorded at the time when the city specifically attempts to apply either regulation more broadly than the new standards enunciated by the Supreme Court will permit.

Affirmed.