No. 73–1973.  ART THEATER GUILD, INC., ET AL. *v.* EWING.  Appeal from Sup. Ct. Ohio dismissed for want of substantial federal question.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellee brought this action in the Court of Common Pleas of Lucas County, Ohio, to prohibit showing of the motion picture "Without A Stitch" on the theory that the film's exhibition rendered the theater itself a nuisance.  Under Ohio law, any place which exhibits filmed obscenity is a nuisance.  See *State ex rel. Keating* v. *A Motion Picture Film Entitled "Vixen,"* 35 Ohio St. 2d 215, 301 N. E. 2d 880 (1973).  Obscenity was defined as follows:

"(A) Any material or performance is 'obscene' if, when considered as a whole and judged with reference to ordinary adults, any of the following apply:

"(1) Its dominant appeal is to prurient interest;

"(2) Its dominant tendency is to arouse lust by displaying or depicting nudity, sexual excitement, or sexual conduct in a way which tends to represent human beings as mere objects of sexual appetite;

"(3) Its dominant tendency is to arouse lust by displaying or depicting bestiality or extreme or bizarre violence, cruelty, or brutality;

"(4) It contains a series of displays or descriptions of nudity, sexual excitement, sexual conduct, bestiality, extreme or bizarre violence, cruelty,. or brutality, or human bodily functions of elimination, the cumulative effect of which is a dominant tendency to appeal to prurient interest, when the appeal to such interest is primarily for its own sake

or for commercial exploitation, rather than for a genuine scientific, educational, sociological, moral, or artistic purpose." Ohio Rev. Code Ann. § 2905.34 (Supp. 1972), now Ohio Rev. Code Ann. § 2907.01 (1975).

The Court of Common Pleas found the film obscene and enjoined its exhibition. The Lucas County Court of Appeals and the Ohio Supreme Court affirmed. *State ex rel. Ewing* v. *A Motion Picture Film Entitled "Without a Stitch,"* 37 Ohio St. 2d 95, 307 N. E. 2d 911 (1974).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). Since it is clear that, when tested by that constitutional standard, § 2905.34 is unconstitutionally overbroad and therefore facially invalid, I disagree with the holding that the appeal does not present a substantial federal question, and therefore dissent from the Court's dismissal of the appeal.

For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), and because the judgment of the Ohio Supreme Court was rendered after *Miller,* I would reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).