THE STATE, EX REL. PIZZA, *v.* TOM. S. A., INC., ET AL.

(No. 81-1870—Decided August 17, 1981.)

Court of Common Pleas of Lucas County.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Curtis E. Posner,* for plaintiff.
*Messrs. Sharfman, Cohen & Schwab* and *Mr. Richard A. Cohen,* for defendants.

RILEY, J.   This cause came on for hearing on August 10, 1981, on plaintiff's application to both temporarily and permanently enjoin the defendants from staging a rock concert at the Toledo Speedway on August 23, 1981. Plaintiff, on behalf of the state, seeks injunctive relief pursuant to R. C. 3719.10 and R. C. Chapter 3767, which define nuisance, the persons liable therefor and the procedures to abate such nuisance. The court, after full consideration of the pleadings, testimony and exhibits presented at the hearing and the arguments of counsel finds that the plaintiff's application for injunctive relief is not well taken and should be denied.

Any premises or real estate, including vacant land, on which a felony drug violation occurs constitutes a nuisance subject to abatement pursuant to R. C. Chapter 3767. R. C. 3719.10. Plaintiff argues that this statute *requires* the court to enjoin the rock concert because felony drug violations occurred at a rock concert held at defendants' premises on August 17, 1980.

Ohio's nuisance statutes are subject, as are all statutes, to constitutional limitations. The Constitutions of both the state of Ohio and the United States prohibit governmental actions that would abridge the right of free speech, First and Fourteenth Amendments to United States Constitution; Section 11, Article I, Ohio Constitution, or the right to hear such speech, *Brooks* v. *Auburn University* (C.A. 5, 1969), 412 F. 2d 1171, 1172. The importance of the right of free speech to our freedoms as a whole cannot be overemphasized. *Zamora* v. *Columbia Broadcasting System* (S.D. Fla. 1979), 480 F. Supp. 199, 203. It is a basic, fundamental right, and any governmen-

tal action which tends to affect the freedom of expression must be viewed with suspicion and be subjected to close judicial scrutiny. *Dewine* v. *Ohio Elections Commission* (1978), 61 Ohio App. 2d 25, 399 N.E. 2d 99.

Above all else, the right of free expression means that the government has no power to restrict expression because of the message, ideas, subject matter, content, popularity or social utility of the ideas and beliefs put forward. *Police Dept. of Chicago* v. *Mosley* (1972), 408 U. S. 92, 95; *Solid Rock Foundation* v. *Ohio St. University* (S.D. Ohio 1979), 478 F. Supp. 96, 100; *Cincinnati* v. *Black* (1966), 8 Ohio App. 2d 143, 220 N.E. 2d 821. Thus, entertainment enjoys protection under the First Amendment. *Zacchini* v. *Scripps-Howard Broadcasting* (1977), 433 U. S. 562, 578. Such protection is not diminished even though the activity is a large-scale business and the sole reason for the expressive conduct is the likelihood of pecuniary enrichment. *Southeastern Promotions, LTD* v. *West Palm Beach* (C.A. 5, 1972), 457 F. 2d 1016, 1020; *State, ex rel. Keating,* v. *Vixen* (1971), 27 Ohio St. 2d 278, 272 N.E. 2d 137, reversed on other grounds *sub nom. Motion Picture Film Entitled "Vixen"* v. *Ohio, ex rel. Keating* (1972), 413 U. S. 905, rehearing denied (1973), 414 U. S. 881. Therefore, the staging of a musical production for profit, such as the defendants' rock concert, is entitled to protection under the right of free expression. *Southeastern Promotions, LTD,* v. *Mobile* (C.A. 5, 1972), 457 F. 2d 340; *Goldstein* v. *Nantucket* (D. Mass. 1979), 477 F. Supp. 606; *People of New York* v. *Remeny* (N.Y. City Crim. Ct. 1974), 79 Misc. 2d 160, 359 N.Y. Supp. 2d 504, affirmed (App. Div. 1975), 83 Misc. 2d 459, 367 N.Y. Supp. 2d 146. Since the state seeks to enjoin not only the felony drug violations occurring on the defendants' property but also the concert itself, the state's action must comply with the constitutional limitations on governmental action which abridges the right of freedom of expression.*

---

* The court notes that the constitutionally protected right of free expression and the right to hear such expression are for the benefit of the performers and the patrons of the rock concert. Thus, there arises a question of the defendants' standing to assert the constitutional rights of those third persons. The defendants, as owners of the property on which the concert is to be held, are in close relationship to those performers and patrons whose constitutional rights are being affected and thus have standing to assert those rights. *Akron Board of Education* v. *State Board of Education of Ohio* (C.A. 6, 1974), 490 F. 2d 1285, 1289, certiorari denied (1974), 417 U. S. 932. The

However, the right to freedom of expression is not absolute and such rights may be infringed to promote a compelling state interest. *Headlee* v. *Franklin County Board of Elections* (S.D. Ohio 1973), 368 F. Supp. 999, 1003. The plaintiff presented extensive testimony and exhibits at the hearing regarding illegal drug activity at the rock concert held on the defendants' property on August 17, 1980. Although there were no arrests made and, consequently, no convictions obtained, it has been well proven that felony drug violations took place during this event. Certainly, the state does have a compelling interest in the enforcement of its criminal laws. However in the present situation, the plaintiff seeks to carry out its compelling interest by enjoining a legitimate exercise of expression.

Thus, even though the restriction sought by the plaintiff may well be found to promote a compelling state interest, such restriction may just as well be unconstitutionally overbroad since it sweeps protected speech within its proscriptions. *Gooding* v. *Wilson* (1972), 405 U. S. 518; *Magill* v. *Lynch* (C.A. 1, 1977), 560 F. 2d 22, 29; *High Ol' Times, Inc.,* v. *Busbee* (N.D. Ga. 1978), 456 F. Supp. 1035, 1039; *Smith* v. *University of Tennessee* (E.D. Tenn. 1969), 300 F. Supp. 777, 782. A governmental restriction on the freedom of expression which promotes a compelling state interest is overbroad if the method to be employed is not the narrowest available. *N.A.A.C.P.* v. *Button* (1963), 371 U. S. 415, 432-33; *Sovereign News Co.* v. *Falke* (N.D. Ohio 1977), 448 F. Supp. 306, 391; *McNea* v. *Garey* (N.D. Ohio 1976), 434 F. Supp. 95, 108.

The plaintiff seeks to use the broad procedures of the nuisance statutes to curtail the drug activity on defendants' property. Plaintiff asserts that the illegal activity of some patrons is sufficient justification to completely prohibit a

---

defendants also have standing to assert the constitutional rights of others since the violation of the constitutional rights of these third parties would have a direct, adverse impact on the defendants' business. *Pentco, Inc.* v. *Moody* (S.D. Ohio 1978), 474 F. Supp. 1001, 1008.

Lastly, the defendants may assert the constitutional rights of the performers and patrons of the concert since the state seeks to impose a restriction on the defendants and, as a result of this restriction, the third parties may be deprived of their constitutional rights. *Akron Center for Reproductive Health, Inc.,* v. *City of Akron* (N.D. Ohio 1979), 479 F. Supp. 1172, 1184.

legitimate exercise of the right of free expression. With this, the courts of the nation, including this court, do not agree. Unlawful conduct of an audience (here only a small part of an audience), absent a specific intention to incite imminent lawless action, is not a sufficient justification to curtail the right of free expression. *Brandenburg* v. *Ohio* (1969), 395 U. S. 444. See, also, *Collin* v. *Chicago Park District* (C.A. 7, 1972), 460 F. 2d 746, 753-54; *Collin* v. *Smith* (N.D. Ill. 1978), 447 F. Supp. 676, 690-91, affirmed 578 F. 2d 1197 (C.A. 7, 1978), certiorari denied (1978), 439 U. S. 916; *Dr. Martin Luther King, Jr. Movement, Inc.,* v. *Chicago* (N.D. Ill. 1976), 419 F. Supp. 667, 674-75; Blasi, Prior Restraints on Demonstrations, 68 Mich. L. Rev. 1481, 1509. Therefore, the regulation of this communicative activity must adhere to more narrowly drawn procedures than is necessary for the abatement of an ordinary nuisance. *Vance* v. *Universal Amusement Co., Inc.* (1980), 445 U. S. 308.

The defendants presented the testimony of Brian Hansen, the promoter of the concerts, and of Carl Taylor, owner of a private security company and a professor at Michigan State University, who related the methods used by other municipalities to discourage or prevent the illegal use of drugs at rock concerts. These methods include searches of patrons, cameras and the stationing of uniformed and undercover police officers inside the concert facility. This testimony clearly establishes the existence of methods that can be used to enforce the state's drug laws that are considerably more narrow than prohibiting the event.

Therefore, this court finds that the enjoining of the concert as a means of controlling illegal drug activity is impermissibly overbroad and that R. C. 3719.10 and R. C. Chapter 3767, *as applied to this case,* violate the First and Fourteenth Amendments to the United States Constitution and Section 11, Article I of the Ohio Constitution.

In addition to the constitutional issues, the court finds that the plaintiff has failed to establish that the defendants' activity is subject to abatement under the nuisance statutes of Ohio. R. C. 3719.10, contrary to plaintiff's argument, merely *defines* what is a nuisance. It says nothing of what procedures are to be used to abate such a nuisance. R. C. Chapter 3767 must be used to determine what persons are liable for a nuisance and

what procedures must be followed to abate such a nuisance. A person cannot be found guilty of maintaining a nuisance, and subject to abatement of the activity causing such nuisance, unless the person uses, occupies, establishes, or conducts a nuisance, or aids or abets therein. R. C. 3767.02. This statute requires some degree of culpability on the part of the person against whom the injunction is sought. See *Smith* v. *California* (1959), 361 U. S. 147; *State, ex rel. Ewing,* v. *"Without a Stitch"* (1974), 37 Ohio St. 2d 95, 307 N.E. 2d 911, appeal dismissed *sub nom. Art Theater Guild* v. *Ewing* (1975), 421 U. S. 923. It is clear to the court, from the testimony and exhibits presented at the hearing, that the rock concerts previously conducted on the defendants' property have not been haphazard, ill-conceived affairs. During their testimony, Brian Hansen, Officer Bruce Klink and Carl Taylor outlined the security measures taken both inside and outside the concert facility. It appears that great thought and effort have been effectively expended to provide to the fans of this type of entertainment an enjoyable and safe event. Moreover, as was well noted by an eminent judge of this court in a previous proceeding against these defendants, there is no duty imposed under the statutes or the common law that obligates the defendants, at their expense, to provide authorized personnel for enforcing the drug laws of this state. *Pizza* v. *Tom S. A., Inc.,* No. 80-1965 (Lucas County C.P. Ct., August 14, 1980). This duty rests with the state. This court finds that the defendants lack culpability in the felony drug violations that have taken place on their property at previous concerts and, therefore, R. C. 3719.10 and R. C. Chapter 3767 are not applicable against them.

*Injunction denied.*