**GAYETY THEATRES, INC.,**
**Plaintiff-Appellee,**

v.

**CITY OF MIAMI, Defendant-Appellant.**

**No. 82–6061.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 21, 1983.

Mikele S. Carter, Asst. City Atty., Jose R. Garcia-Pedrosa, Gisela Cardonne, Miami, Fla., for defendant-appellant.

Mark Krasnow, Miami, Fla., for plaintiff-appellee.

Before VANCE and JOHNSON, Circuit Judges, and PITTMAN *, District Judge.

PER CURIAM:

Gayety Theatres, Inc. operates the Pussycat II, a purveyor of sexually explicit films and videotapes. In 1982 a Florida state court enjoined Gayety's showing of a certain unnamed videotape. As a further sanction, the City of Miami revoked Gayety's business license for one year pursuant to section 31–37 of its city code. Gayety sued in district court and obtained a permanent injunction restraining the city from revoking its business license. This appeal followed.

We affirm on the basis of the district court's memorandum opinion of October 1, 1982, a copy of which is appended.

AFFIRMED.

APPENDIX

MEMORANDUM OPINION

THIS CAUSE is before the Court on the Plaintiff's petition for declaratory and injunctive relief against enforcement by the City of Miami of Section 31–37 of the Miami City Code.[1]

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. Miami City Code Section 31–37 provides in pertinent part that:

(A) *Grounds for revocation of licenses.* The city manager shall revoke the license of any individual, partnership or corporation holding a license under this chapter where it is determined by the city manager, or his duly designated agent, after a hearing, that:

(8) The licensee, subsequent to being issued a license, has had a permanent injunction in the form of an order and final judgment en-

The parties have stipulated to the relevant facts, which are attached to these conclusions of law.

Upon notice and after agreement by counsel of record the motion for preliminary injunction has been advanced pursuant to Federal Rule of Civil Procedure 65(a)(2), so that this case is now ripe for adjudication.[2]

The parties have agreed that the sole question of law is whether the Fifth Circuit Court of Appeals decision in *106 Forsyth Corp. v. Bishop,* 362 F.Supp. 1389 (M.D.Ga. 1972), *affd.,* 482 F.2d 280 (5th Cir.1973), *cert. denied,* 422 U.S. 1044, 95 S.Ct. 2660, 45 L.Ed.2d 696 (1975), represents binding precedent in this First Amendment area.

The *Forsyth* decision made a temporary dent in the First Amendment shield of protection. The constitutionally forged prohibition against prior restraint appeared in the landmark case of *Near v. Minnesota,* 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). In *Near* the Supreme Court condemned prior restraints prohibiting future expression that may fall within the purview of the First Amendment where such restraint is based only on a finding of unprotected present conduct. Later Supreme Court decisions have strengthened the shield by holding that a prior restraint of expression comes before the Court with "a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963); *New York Times Co. v. United States,* 403 U.S. 713, 714, 91 S.Ct. 2140, 2141, 29 L.Ed.2d 822 (1971).

The dent *Forsyth* made in the shield of First Amendment protections has since been carefully repaired by the Fifth Circuit court of Appeals, acting en banc, and by the Supreme Court's affirmance of the Fifth Circuit in *Universal Amusement Co. v. Vance,* 559 F.2d 1286 (5th Cir.1977), 587 F.2d 159 (5th Cir.1978) (en banc), *affd.,* 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980)[3].

In *Vance,* the Fifth Circuit recognized that a Texas nuisance statute which allowed the state to close for one year an establishment that had exhibited obscene material was an unconstitutional prior restraint. 587 F.2d at 164.

The Texas nuisance statute would have had the same effect on presumptively protected expression as the Miami ordinance before this Court. It was precisely this type of prior restraint that was condemned by the Supreme Court in 1931 in *Near v. Minnesota.*

In the Supreme Court's limited review of *Vance,* the Court held that the Fifth Circuit was "quite correct" in concluding that the burden of supporting an injunction against a future exhibition of presumptively protected expression is even heavier than the burden of justifying the imposition of a criminal sanction for past communication. 445 U.S. 308, 315, 100 S.Ct. 1156, 1161, 63 L.Ed.2d 413, 420 (1980).

tered against said licensee enjoining, restraining or preventing the licensee from exhibiting, showing, selling, lending, or transmitting any motion picture film(s), book(s), magazine(s), video tape(s) or other material that has been found to be obscene, lewd, lascivious, filthy or indecent pursuant to Florida Statute 847.011, as written or construed, after said material(s) has undergone an adversary judicial hearing as required by law.

Miami City Code Section 31–37(B)(1) provides that revocation under this section shall extend for a period of twelve months from the date the revocation order is entered by the city manager.

2. Although Plaintiff filed an amended complaint, Plaintiff's counsel withdrew the amended complaint before the Court and in the presence of opposing counsel.

3. *Vance* states the binding precedent in this First Amendment matter. The initial three-judge panel in the *Vance* case questioned the continuing validity of *Forsyth* when it noted that the theater closing permitted in *Forsyth* "would pose serious first amendment questions." 559 F.2d 1286, 1290 (5th Cir.1980). The panel dropped a footnote further questioning *Forsyth* when it compared the *Forsyth* opinion, without comment, to a district court opinion holding that to permit the suspension of operation of a theater on the basis of a prior conviction even for obscenity amounts to an unconstitutional prior restraint. 559 F.2d at 1290 n. 5.

Since *Vance,* federal courts throughout the nation have held that city ordinances and state statutes that authorize license revocation for adult theaters on the basis of prior acts are incompatible with the First Amendment because they impose a prior restraint on presumptively protected expression.[4] Federal courts in Florida have reached the same result.[5]

In this case, there has been a judicial determination in state court that the plaintiff violated state law by exhibiting an obscene videotape. The City of Miami has constitutionally prevented further showing of that video tape. That it can surely do, but it cannot constitutionally pierce the First Amendment shield and bar, for one year, presumptively protected expression based only on prior unprotected conduct. The line between obscenity and protected expression is dim and uncertain. Under the law, the City can no more impose such a prior restraint on the plaintiff than could it by ordinance restrain a citizen from speaking in public for one year because the citizen once uttered an obscenity in a public place.

While there may be extraordinary circumstances in which a prior restraint of presumptively protected expression is permissible, this case does not present such circumstances. Moreover, the Court can discern no narrowing construction of the Miami ordinance that remedies its unconstitutionality as a prior restraint.

Accordingly, the Plaintiff is entitled to the injunctive relief that it seeks.

The Court has considered in its decision to issue this injunction that the film determined by the State Court to be obscene was exhibited prior to the City's renewal of Plaintiff's occupational license.

Plaintiff is directed to provide the Court with a proposed Final Judgment consistent with the foregoing memorandum opinion.

DONE and ORDERED at Miami, Southern District of Florida, this 1st day of October, 1982.

/s/ Joe Eaton
United States District Judge

cc: Mark Krasnow, Esq.
Frank Harder, Esq.

4. *See, e.g., Entertainment Concepts, Inc. III v. Maciejewski,* 631 F.2d 497 (7th Cir.1980); *Cornflower Entertainment Inc. v. Salt Lake City Corp.,* 485 F.Supp. 777 (D.Utah 1980); *Genusa v. City of Peoria,* 475 F.Supp. 1199, 1207–09 (C.D.Ill.1979), *modified,* 619 F.2d 1203 (7th Cir.1980); *Ellwest Stereo Theatres Inc. of Texas v. Byrd,* 472 F.Supp. 702 (N.D.Tex.1979); *Natco Theatres, Inc. v. Ratner,* 463 F.Supp.

1124 (S.D.N.Y.1979). *Cf. Fehlhaber v. North Carolina,* 445 F.Supp. 130 (E.D.N.C.1978), *reversed,* 675 F.2d 1365 (4th Cir.1982).

5. *See, e.g., San Juan Liquors, Inc. v. Consolidated City of Jacksonville, Florida,* 480 F.Supp. 151 (M.D.Fla.1979); *Bayside Enterprises, Inc. v. Carson,* 470 F.Supp. 1140 (M.D.Fla.1979).