## STATE OF FLORIDA v MacDONALD

## Case No. 85-737 (County Court Case No. 84-23091MM10)

Seventeenth Judicial Circuit, Broward County

February 27, 1989

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### ORDER ON APPEAL

Justice is a machine that, when someone has once given it the starting
push, rolls on of itself.

John Galsworthy (circa 1910)

This case, seemingly unimportant at its inception when viewed in the
grand scheme of criminal matters that crowd the courtrooms of this
county and, indeed, the courtrooms of this country, has lingered long
within the judicial system. Its conception occurred when unnamed,
and, apparently, unknown, entrepreneurs decided that there existed in
Broward County a certain element of people who would be willing to
pay cash for the opportunity of viewing nude females exhibit their

bodies. To satisfy the desire of the potential customers, an environment was created whereby, upon the deposit of change in a slot, persons could, from the privacy of a booth, observe the actions of those women who opted to place themselves on display in such surroundings. Located on State Road 84, within the city limits of Ft. Lauderdale, it wasn't long before the above described activity came to the attention of the law enforcement authorities.

On or about October 19, 1984, after certain law enforcement officers had availed themselves of the opportunity to utilize the viewing booths described above, Richard Charles MacDonald, the Appellee herein, was arrested for, and later charged with, the promotion of obscenity in contravention of F. S. 847.011(4). In relevant part, Mr. MacDonald was accused of having sold " . . . membership cards and tokens to prospective patrons for use in viewing the live, (sic) show exhibition or performance of a nude female rubbing her breasts and vagina. . . ." In due course, counsel for the accused (well known for his work in the area of law related to the First Amendment of the United States Constitution) filed a motion to dismiss the two count Information. The trial court (then County Court Judge Geoffrey Cohen), on March 15, 1985, granted the motion to dismiss " . . . due to the failure of the police to obtain judicial review of the nature and character of the nude dancers' performances prior to (Mr. MacDonald's) arrest for promotion of obscene performances. The failure to obtain judicial review of the acts in question violated (Mr. MacDonald's) rights afforded by the First and Fourteenth Amendments of the United States Constitution."

The State of Florida elected to appeal Judge Cohen's decision directly to the Fourth District Court of Appeal rather than to the circuit court of the Seventeenth Judicial Circuit and, in pursuance thereof, timely filed its notice of appeal with the clerk of this court on March 25, 1985. Satisfied that it was without jurisdiction to decide this now very important matter upon the merits, notwithstanding the fact that the parties hereto had fully briefed the case and all necessary written arguments on the law had been filed with the clerk of the appellate court, the Fourth District Court of Appeal, by ordered entered October 30, 1985, transferred the appeal to this court in accordance with Article V of the Florida Constitution and Florida Rules of Appellate Procedure 9.160(e)(2) and 9.040(b). By order entered August 15, 1988, the Hon. Lawrence L. Korda, to whom this matter was assigned in this circuit for appellate review, denied Mr. MacDonald's motion to dismiss the appeal due to lack of prosecution. On January 3, 1989, Judge Korda was transferred to the Juvenile Division of this circuit and the undersigned judge assumed responsibil-

ity for those matters assigned to the division over which Judge Korda previously had presided so effectively.

The undersigned judge has had the opportunity to review all of the cases cited in the briefs of the Appellant and the Appellee, the transcript of the proceedings that occurred in the court below and has had an opportunity to engage in independent research. Upon the conclusion of the foregoing activity, this court is of the opinion that the result obtained below by Mr. MacDonald is correct. Further, this court is of the opinion that the analysis of the relevant law encompassed in Judge Cohen's very lucid and concise order of March 15, 1985, is correct and is hereby adopted in each and every respect, especially as hereinafter set forth:

## FACTS

1. That the defendant, RICHARD CHARLES MacDONALD, was arrested on October 19, 1984, by police officers of the City of Fort Lauderdale, Florida, and charged with two (2) counts of promotion of obscenity, contrary to F.S. 847.011(4).

2. That on November 5, 1984, a two (2) count information was filed, each count charging that on October 19, 1984, the defendant "did knowingly promote or conduct an obscene, lewd, lascivious or indecent show, exhibition or performance by a live person before an audience at Live Peep Shows, 930 State Road #84, Fort Lauderdale, Florida, in that said defendant did sell membership cards and tokens to prospective patrons for use in viewing booths used to view the live, (sic) show exhibition or performance of a nude female rubbing her breasts and vagina, contrary to F.S. 847.011(4)."

3. That counsel for the State and defendant have stipulated that the arresting officers possessed neither an arrest or search warrant and, (sic) that, prior to the defendant's arrest, no judicial determination with respect to the obscene character of the performances had been obtained.

4. That the defendant moved to suppress all statements of the defendant based upon an alleged unlawful arrest.

## ISSUE

The issue presented is whether judicial review of available evidence of obscenity is a necessary predicate for the arrest of an individual for the offense of promoting an obscene performance. The issue is of substantial importance, (sic) not only to this defendant, but also to the police, courts and performers. There are no reported Florida decisions on point.

**100**

## CONCLUSIONS OF LAW

Obscenity is not protected by the First and Fourteenth Amendments to the United States Constitution and is subject to limited regulation under the police powers of the states. *Miller v California* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed 2d 419 (1973).

It is equally well settled that the First and Fourteenth Amendments protect entertainment, as well as political and ideological speech. Motion pictures, programs broadcast by radio and television, and live entertainment, such as musical and dramatic works, fall within the First Amendment guarantee. *Joseph Burstyn, Inc. v Wilson,* 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed 1098 (1952); *Schad v Borough of Mount Ephraim,* 452 U.S. 61, 101 S. Ct. 2176, 68 L.Ed.2d 671 (1981).

Nudity as an entertainment program is not, alone, grounds for prohibition [*Jenkins v Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974)] and nude dancing enjoys certain First Amendment protection against unlawful censorship. [*Doran v Salen, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975)].

It is the opinion of this Court that judicial review of the nature and character of the performance alleged to be obscene is a necessary predicate to the arrest and prosecution of the defendant for promoting the performance about which complaint is made.

Any system of prior restraint bears a heavy presumption against its constitutional validity (*Bantam Books v Sullivan,* 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 589 (1963)) and avoids constitutional infirmity only if it takes place under procedural safeguards designed to obviate the dangers of a censorship system. *Freedman v Maryland,* 380 U.S. 51, 85 S. Ct. 734, 13 L.Ed.2d 649 (1965).

Clearly no such safeguards existed here. The warrantless arrest of the defendant could only have had a chilling effect and was a form of prior restraint on the defendant, dancers and patrons.

A New York court commented on the paucity of protection afforded certain constitutionally protected forms of expression:

"It is almost preposterous to believe that systems of censorship prohibited by our Constitution as to book publishers and film producers ought not be prohibited as to our dancers, actors and comedians." *People v Adais,* 452 N.Y.S. 2d 543, 546 (Cr. Ct. 1982).

Constitutionally protected expression is often separated from obscenity only by a dim and uncertain line (*Bantam Books v Sullivan,* supra), and the protection of First Amendment rights should not be left to the discretion of law enforcement officers, however well meaning and

101

reasonable they may be (See *Marcus v Search Warrant,* 367 U.S. 717, 81 S. Ct. 1708, 6 L.Ed.2d 1127 (1961)).

The allegedly obscene conduct in this case involves two nude females, each allegedly rubbing her breasts and vagina in the course of a dance. Forty-five years ago, the Florida Supreme Court recognized that such dances as the waltz and two-step were once considered lewd and obscene and that there were good people who were of the opinion that dancing is a lascivious device calculated to promote the works of the Devil. *State ex rel. Swanboro v Mayo,* 19 So.2d 883 (Fla. 1944). The Supreme Court stated these persons, of course, had the right to their opinions in this regard but that it was not for them to determine whether one who so indulged thereby violated the statute proscribing lewd and obscene conduct.

Whether nude dancing is performed in a barroom [*San Juan Liquors, Inc. v Consolidated City of Jacksonville,* 480 F.Supp. 151 (D.C.M.D. Fla. 1979); *Attwood v Purcell* 402 F.Supp. 231 (D.C. Ariz. 1975)], in an "adult theatre" [*People v Adais,* supra.], or in the course of a legitimate theatre presentation of the show "Hair" [Southeastern Promotions, Ltd. v Conrad, 420 U.S. 546, 95 S. Ct. 1239, 43 L.Ed.2d 448 (1975)], police and municipalities may not act as unsupervised censors of modes of expression.

In this case, no exigent circumstances existed which would have made impossible a judicial scrutiny of the allegedly obscene acts. Application for an arrest warrant could have been made based upon the affidavits of police officers who viewed the live performance. A magistrate need not have been a witness to the live performance.

The defendant, based upon his illegal arrest, urges the suppression of all statements made by him. Mere suppression is not a meaningful remedy in that the anticipated testimony of the police officers concerns lawfully made observations of a live performance prior to the defendant's arrest rather than unlawfully obtained evidence.

As the court in *People v Adais,* supra., correctly pointed out, the issue presented involves the application of due process principles under the Fourteenth Amendment in an effort to prevent erosion of First Amendment rights, rather than merely to prevent an unlawful arrest.

IT IS THE ORDER AND JUDGMENT of this Court that this cause is dismissed due to the failure of the police to obtain judicial review of the nature and character of the nude dancers' performances prior to the defendant's arrest for promotion of obscene performances.

The failure to obtain a judicial review of the acts in question violated the defendant's rights afforded by the First and Fourteenth Amendments of the United States Constitution.

DONE AND ORDERED in Chambers, at Ft. Lauderdale, Broward County, Florida, this 17th day of February, 1989.