126 N.J. Super. 410 (1974)
315 A.2d 35
HOWARD A. WEIN, PHILIP J. GUARINO, PLAINTIFFS-RESPONDENTS,
v.
TOWN OF IRVINGTON, MUNICIPAL COURT OF THE TOWN OF IRVINGTON, TOWN OF IRVINGTON POLICE DEPARTMENT, BERNARD DE LUCIA, DETECTIVE, TOWN OF IRVINGTON POLICE DEPARTMENT, DEFENDANTS-APPELLANTS, AND JOSEPH P. LORDI, ESSEX COUNTY PROSECUTOR, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 8, 1974.
Decided January 28, 1974.
*411 Before Judges CARTON, SEIDMAN and DEMOS.
Mr. Samuel J. Zucker, Town Attorney, attorney for municipal appellants (Mr. Daniel A. Rosenberg, Municipal Prosecutor, on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, pro se (Mr. Ralph J. Jabbour, Assistant Prosecutor, of counsel and on the brief).
Messrs. Stern & Weiss, attorneys for respondents (Mr. Harvey L. Weiss, on the brief).
PER CURIAM.
Section 22-35 of the Irvington Town Code, adopted in 1960, provides as follows:
*412 It shall be unlawful for any person to knowingly photograph, act in, pose for, print, sell, offer for sale, give away, exhibit, publish, or offer to publish, or have in his control, or otherwise distribute, make, display or exhibit any obscene book, magazine, story, pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, motion picture film image, cast, slide, figure, instrument, statute, drawing or presentation or other article which is obscene, within the town.
Violators are liable to the payment of a fine not exceeding $200, imprisonment for a term up to 90 days, or both.
Plaintiffs, the owners and operators of the "Best Adult Book Store" in Irvington, filed a complaint to enjoin the town, its municipal court, the police department and one of its detectives from arresting and prosecuting them for the alleged sale of obscene materials in violation of the quoted section; to compel the return of a quantity of books, magazines, films and other goods seized by the police pursuant to a warrant, and to declare the section of the Code "preempted, illegal, void, invalid and unconstitutional."
The Chancery Division granted an interim restraint and entered an order directing defendants to show cause why a temporary injunction should not issue pending final hearing. The Essex County Prosecutor was permitted to intervene as a party defendant.
On the return day of the order to show cause, there being no disputed facts, the trial court elected to treat the matter as a motion for summary judgment. The pertinent section of the town code was declared invalid on the ground that it was preempted by N.J.S.A. 2A:115-1.1 et seq., and the complaints pending in the municipal court were dismissed. Plaintiffs' demand for the return of the seized items was denied without prejudice to the making of a later application therefore.
Judgment was entered accordingly and defendants and the intervenor appeal.
In determining that the ordinance was invalid, the trial court relied entirely upon the case of Dimor, Inc. v. Passaic, 122 N.J. Super. 296 (Law Div. 1973). Defendants argue *413 before us, as they did below, that Adams Newark Theatre Co. v. Newark, 22 N.J. 472 (1956), aff'd 354 U.S. 931, 77 S.Ct. 1395, 1 L.Ed.2d 1533 (1957), is dispositive on the authority of the municipality to adopt the type of ordinance under attack herein.
We observe at the outset that Adams Theatre Co. is not in point, since the question of preemption did not arise in that case. The issue there, resolved in favor of the city, was whether an ordinance condemning certain kinds of obscene performances violated the state and federal constitutional provisions guaranteeing freedom of speech.
Dimor involved a declaratory judgment action to invalidate a section of a municipal motion picture theatre licensing ordinance which declared unlawful the exhibiting of immoral pictures or shows "whose dominant theme appeals to the prurient interest, is patently offensive, affronts contemporary community standards relating to sexual matters and is without redeeming social value." Judge Doan, in the Law Division, held that the field of obscenity had been preempted by the State through the enactment of N.J.S.A. 2A:115-1.1 et seq., and, as a consequence, the challenged portion of the ordinance was ultra vires and void.
The matter of preemption has recently been reviewed and the general principles stated in Chester Tp. v. Panicucci, 62 N.J. 94:
* * * Municipalities have been granted broad police power over matters of local concern and interest, both in numerous specified instances, as here, by N.J.S.A. 40:48-1 and generally by N.J.S.A. 40:48-2. Our Constitution, Art. IV., § VII, par. 11, ordains liberal construction of those powers. Their scope, however, does not extend to subjects inherently in need of uniform treatment or to matters of general public interest and applicability which necessarily require an exclusive state policy. In addition, a municipality may be foreclosed from exercising power it would otherwise have if the state has sufficiently acted in a particular field * * * [o]ur cases establish that a municipality is precluded from exercising its powers in an area which the state has preempted. * * * [at 99-100]
*414 An intent to occupy the field must appear clearly. Kennedy v. Newark, 29 N.J. 178, 187 (1959); Summer v. Teaneck, 53 N.J. 548, 554 (1969). The problem is to determine the intent of the Legislature.
* * * The ultimate question is whether, upon a survey of all the interests involved in the subject, it can be said with confidence that the Legislature intended to immobilize the municipalities from dealing with local aspects otherwise within their power to act. [53 N.J. at 555.]
See also Coast Cigarettes Sales v. Mayor, etc., Long Branch, 121 N.J. Super. 439, 446 (Law Div. 1972).
There is no doubt that municipalities have statutory power to deal with obscenity. In addition to the omnibus provisions of N.J.S.A. 4:48-2, specific authority to adopt ordinances to prevent vice, drunkenness and immorality is contained in N.J.S.A. 40:48-1(6). Nevertheless, it is our view that statutes on obscenity enacted by the Legislature since 1957, and particularly in 1971, evidence a clear design for uniform state-wide treatment of the subject.
The uttering or exposing of obscene literature or pictures is prohibited by N.J.S.A. 2A:115-2, originally enacted in 1898 (L. 1898, c. 235, p. 808), and amended thereafter only in minor respects in 1957 and 1959. It provides, in pertinent part:
Any person who, without just cause * * * possesses with intent to utter or expose to the view or hearing of another, any obscene or indecent book, publication, pamphlet, picture, * * * or other representation however made or any person who shall sell, * * * or distribute or possess with intent to sell * * *, or offer for sale any obscene or indecent book, publication, pamphlet, picture or other representation, however made, * * * is guilty of a misdemeanor.
The increasing concern of the State with respect to obscenity is apparent in N.J.S.A. 2A:115-1.1, as amended by L. 1971, c. 449, § 3, which defines "obscene."[1] According *415 to the statement attached to the 1971 amendment, the legislative intent was to establish a constitutionally viable standard for defining the term "which would permit action to be taken against the accumulating flood of salacious films and literature which in recent years has seriously alarmed our citizens." Note should also be taken of the legislative findings set forth in N.J.S.A. 2A:115-1.1a:
* * * The Legislature * * * finds that the most recent binding definition of "obscenity" enunciated by the United States Supreme Court is represented by section 1 of chapter 165, laws of 1962, prior to subsequent amendments; and that said subsequent amendments ought to be repealed in order to re-establish a workable definition of "obsenity" within the framework of our statutory law, and that certain other changes should be made in other statutes for the purpose of consistency.
The Legislature deemed it necessary to deal specifically with the sale of obscene materials to persons under 18 years of age. N.J.S.A. 2A:115-1.6 et seq. It found
* * * That salacious and lascivious material is increasingly available to State residents under 18 years of age, that it is harmful to their mental and moral health because they lack the maturity to cope with it, and that, to help insulate them from it, it is necessary to establish the separate standard of obscenity, designated "material obscene for persons under 18," provided for in this act, and to restrict the sale of such material for the purposes cited herein. [N.J.S.A. 2A:115-1.6]
Another statute, also enacted in 1971, makes it a misdemeanor knowingly to communicate publicly "material obscene *416 for public communication." N.J.S.A. 2A:115-2.1 et seq. The Legislative findings are significant:
The Legislature finds that there is increased public communication in the State of salacious and lascivious material; that such public communication is a nuisance which offends the standards, sensibilities and aesthetic values of the State community relating to the public display and vocalization of sexual matters, and assaults individual privacy and that to abate and prevent this nuisance it is necessary to establish a standard of material obscene for public communication and to forbid and punish the public communication thereof. [N.J.S.A. 2A:115-2.1].
The Legislature has launched a broad attack on a problem it considered offensive to the public community. It has declared the public policy in the matter and clearly spelled out the need for a uniform mode of treatment.
The court said in Dimor, supra:
* * * The affront against public morals, although of necessity a matter of local concern, is predominantly within the domain of the State. It must be so. State v. Hudson County News Co., 41 N.J. 247, 265-266 (1963). This philosophy is evidenced by an examination of the Legislative findings of the amended statute * * * they quite clearly demonstrate that the Legislature intended even by its prior legislation * * * that the statutory manner of treatment of obscene matter was to be the sole uniform mode of treatment. * * * But there is little doubt, and the court finds, that the statute does encompass the ordinance and that the State has preempted the field. To permit each municipality to enact its own laws and regulations in this area would be in direct opposition to the legislative mandate.
The subject of obscenity is one of "general public interest and applicability" which necessitated "uniform treatment." Coast Cigarette Sales, Inc. v. Mayor, etc., Long Branch, supra. Surveying all the interests involved it is quite clear that "the Legislature intended to immobilize the municipalities from dealing with local aspects" of the subject matter of obscenity. Summer v. Teaneck, supra. [122 N.J. Super. at 302-303]
We are in substantial agreement with the court's reasoning in Dimor and we reach a like result with respect to the ordinance in this case, the subject-matter of which is encompassed *417 within the statutes referred to hereinabove.[2] The trial court correctly held the ordinance invalid on the ground of preemption.
As for plaintiffs' contention that the seized goods should be returned to them, we note that the right of plaintiffs to make application therefor to the court below was reserved in the judgment. We perceive no need for our consideration of that issue on this appeal.
Affirmed.
NOTES
[1] This section was declared unconstitutional by the United States District Court for the District of New Jersey because the definition of "obscene" omitted the "social value" test. Cine-Com Theatres Eastern States, Inc. v. Lordi, 351 F. Supp. 42, 50 (D.N.J. 1972), citing Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1967). In Dimor the court disagreed with the decision and refused to accept it as binding. However, it should be noted that the United States Supreme Court has now discarded as a constitutional standard the "utterly without redeeming social value" test, so that the holding in Cine-Com Theatres has lost whatever validity it may have had. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, 431 (1973).
[2] Having concluded that the subject of obscenity has been preempted by the State, we have not considered the question of whether the prohibited acts fall within that category which would otherwise permit both the State and the municipality to punish for the violation thereof without doing violence to any constitutional principle. See Chester Tp. v. Panicucci, supra, at 62 N.J. 103-104. On the problem of possible double jeopardy should one be convicted of violating a municipal ordinance and later be charged on the same facts with breach of a state statute, see Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).