148 N.J. Super. 506 (1977)
372 A.2d 1168
JOHN F. INGANAMORT, MICHAEL INGANAMORT, AND LASALA CONTRACTING COMPANY, INC., A JOINT VENTURE, D/B/A MEDITERRANEAN TOWERS, PLAINTIFFS,
v.
DAVID MERKER AND MEDITERRANEAN TOWERS TENANTS ASSOCIATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 17, 1977.
*508 Mr. Frank J. Glock for the plaintiffs (Messrs. Glock & Spector, attorneys).
Mr. William Goldberg for defendants.
GELMAN, J.S.C.
Plaintiffs are the owners of a high-rise luxury apartment complex in Fort Lee consisting of 966 residential units and known as the Mediterranean Towers. They seek to restrain the Mediterranean Towers Tenant's Association and its president, David Merker, from distributing letters by slipping them under the doors of the tenants' apartments because defendants have failed to comply with the requirements of two municipal ordinances. Under Ordinance 487 any person desiring to distribute noncommercial handbills must apply for a permit from the chief of police. Under Ordinance 73-4 any person canvassing, soliciting or calling house-to-house must apply for a permit from the chief of police. The recent decision of the United States Supreme Court in Hynes v. Oradell, Mayor and Council, 435 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976), raises grave doubts as to the constitutionality of either ordinance. Nevertheless, it is unnecessary to reach that issue because plaintiffs' suit must fail on other grounds.
A court of equity does not have jurisdiction to enforce the penal laws of the State or the ordinances of a municipality unless the activity sought to be enjoined in and of itself constitutes a nuisance. Melucci v. Eagan, 124 N.J. Eq. 241 (E. & A. 1938); Benton v. Kernan, 127 N.J. Eq. 434 (Ch. 1940), mod., 130 N.J. Eq. 193 (E. & A. 1941). So long as defendants' activities are reasonable and do not occasion an unnecessary risk of harm or annoyance to others, they do not constitute an actionable nuisance. Sans v. Ramsey Golf and Country Club, Inc., 50 N.J. Super. 127, 133 (App. Div. 1958), aff'd 29 N.J. 438, 448-49 (1959). The burden is on the plaintiffs to prove that they have a reasonable apprehension of a real and immediate danger and that a material injury will result unless defendants' activities are *509 restrained. Lou Menges Organization v. North Jersey Quarry Co., 3 N.J. Super. 494 (Ch. 1949).
Plaintiffs have submitted affidavits of three tenants in support of their allegations that defendants' activities pose a danger to the health and safety of the residents of the buildings. These tenants express a fear of increased crime within the apartment complex, and plaintiffs assert that they have a duty, as their landlord, to protect the common areas and passageways so as to minimize the risk of burglary.
The activity sought to be enjoined in this case, however, consists of David Merker, himself a tenant, personally slipping letters from the Tenant's Association under the doorway to each apartment. While these letters may contain information which is adverse to the economic interests of plaintiffs, there is absolutely no basis for a finding that their distribution in any way constitutes a nuisance.
It is clear that the landlord who retains control of the common areas and passageways must exercise reasonable care to assure the safety of these areas. Snyder v. I. Jay Realty Co., 30 N.J. 303 (1959). It is also clear that he must do so without denying to his tenants rights which are incidental to their leasehold. While we have found no case dealing with the right of a tenant to distribute noncommercial written material within an apartment building, this type of activity is certainly embraced within the principle of reasonable use noted in Bellomo v. Bisanzio, 142 N.J. Eq. 363 (Ch. 1948):
There are casual and incidental rights and interests which sometimes pass to lessees by implication arising from reasonable needs, conventional uses, or from other circumstances manifesting the probable intentions of the parties. [at 364-365]
See also, the cases collected in Annotation, "Lease  Easements or Privileges." 24 A.L.R.2d 123 et seq.
The residents of the Mediterranean Towers complex comprise a community whose population exceeds that of many municipalities. The residents share many common interests and concerns. The common areas and passageways *510 in such a complex take on the attributes of quasi-public streets which must necessarily be utilized by the tenants for communications of mutual interest. The right to use the passageways for this purpose must be deemed an incidental right of a tenancy in an apartment complex of this kind, and it is beyond the power of a landlord to prohibit a tenant's use of the common areas and passageways unless it can be demonstrated that the communication is being effected in such a way as to endanger the health and safety of the tenants.
In this instance, plaintiff has failed to make such a showing and his request for injunctive relief must be denied.