150 N.J. Super. 14 (1977)
374 A.2d 502
HAMAR THEATRES, INC., PLAINTIFF-RESPONDENT,
v.
CITY OF NEWARK, GILBERT J. STRONG, DIRECTOR OF LICENSES OF CITY OF NEWARK, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1977.
Decided April 26, 1977.
*15 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. William J. Schwartz, Assistant Corporation Counsel, argued the cause for appellants (Mr. Milton A. Buck, Corporation Counsel, attorney).
Mr. Robert L. Podvey argued the cause for respondent (Messrs. Podvey & Sachs, attorneys for respondent; Ms. Kathleen C. Goger, on the brief).
PER CURIAM.
Plaintiff owns and operates a motion picture theater in the City of Newark. In January 1976 the municipal Director of Licenses advised plaintiff of his intention not to renew its license to operate the theater and set the matter down for a hearing. Such hearing was held, *16 following which the Director denied the license, finding that (1) applicant had failed to set forth in its application a 1972 plea of guilty to an accusation of maintaining a nuisance; (2) applicant had entered pleas of guilty in 1973 and 1976 to violations, respectively, of the Newark obscenity ordinance and of N.J.S.A. 2A:115-2, by exhibiting obscene material; (3) applicant was "a consistent criminal offender whom the city does not want to hold a license," and (4) a film shown in January 1976 was obscene.
Thereupon plaintiff filed a complaint in lieu of prerogative writs, which led, after a hearing, to a judgment reversing the denial of plaintiff's application for a license and ordering the issuance of such license forthwith.
Defendants appealed and we affirm.
Defendants contend that the license was properly denied because of plaintiff's failure to give full and correct answers on its application, and further, because it had been convicted in the past of showing obscene pictures.
As for the first contention, the trial judge found that the failure to set forth the 1972 conviction was, in light of the disclosure on the application of subsequent convictions, inconsequential and insufficient reason to refuse to issue the license. We agree.
With respect to the remaining ground asserted in justification of the denial of the license, it should be noted at the outset that Newark Revised Ordinances § 5:8-13(a) provides:
When necessary for the furtherance of decency and good order or if the holder of any permit or license issued under this chapter, shall violate any of the provisions of this chapter, the director, division of licenses may suspend or revoke any permit or license issued under this chapter.

* * * * * * * *
While this norm relates to the suspension or revocation of a license, it impliedly is applicable also to the issuance of a *17 license. Adams Theatre Co. v. Keenan, 12 N.J. 267, 270 (1953). The ordinance, additionally, prohibits the showing of any motion picture that is "lewd, obscene or indecent." But see Wein v. Irvington, 126 N.J. Super. 410 (App. Div. 1974), certif. den. 65 N.J. 287 (1974), on the preemption of the field of obscenity by the State.
The authority of a municipality to license and regulate theaters is not open to challenge. See N.J.S.A. 40:52-1(f). However, denial of a license because of prior obscenity convictions constitutes an impermissible prior restraint on the constitutionally protected right of free speech. The remedy for past abuses
* * * lies not in the suppression of the right to show all films, but in criminal prosecutions for violations of constitutional obscenity laws. The risk that criminal sanctions will be insufficient to deter future violations of the ordinance cannot justify, the city's attempt to revoke plaintiff's license in the face of his right to the free speech guaranty of the First Amendment. [Alexander v. City of St. Paul, 303 Minn. 201, 227 N.W.2d 370, 373 (Sup. Ct. 1975)]
See also, City of Seattle v. Bittner, 81 Wash.2d 747, 505 P.2d 126 (Sup. Ct. 1973); City of Delavan v. Thomas, 31 Ill. App. 3rd 630, 334 N.E.2d 190 (App. Ct. 1975); Perrine v. Municipal Court, 5 Cal.3d 656, 97 Cal. Rptr. 320, 488 P.2d 648 (1971), cert. den. 404 U.S. 1038, 92 S.Ct. 710, 30 L.Ed. 729 (1972), and Avon 42nd Street Corp. v. Meyerson, 352 F. Supp. 994 (S.D.N.Y. 1972). But see, 106 Forsyth Corp. v. Bishop, 482 F.2d 280 (5 Cir.1973), cert. den. 422 U.S. 1044, 95 S.Ct. 2660, 45 L.Ed.2d 696 (1975). The denial of the license in the instant case was improper.
We accordingly find it unnecessary to consider the other issues raised: whether Newark's revised ordinance prohibiting and defining obscenity is constitutional, whether the State has preempted the field of obscenity, and whether defendants should be estopped from denying the license.
Affirmed.