182 N.J. Super. 110 (1981)
440 A.2d 69
EGG HARBOR CITY, PLAINTIFF,
v.
CARL COLASUONNO, AND MICHAEL BOCCANFUSO, T/A ADULT BOOK WORLD, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Atlantic County.
Decided November 12, 1981.
*112 Howard E. Drucks for plaintiff (McGahn, Friss & Gindhart, attorneys).
Saul J. Steinberg for defendants (Steinberg and Ginsberg, attorneys).
Ralph W. Platine for intervenor (Platine & Feldman, attorneys).
GIBSON, J.S.C.
This is an action for injunctive relief arising out of alleged violations of state and local obscenity laws. N.J.S.A. 2C:34-2. Plaintiff is a municipality and defendants are merchants operating within its borders. Raised by the court's own motion are three primary questions: (1) May a court of equity enjoin the violation of state penal laws and local ordinances? (2) If not, what is the proper forum for the prosecution of violations of state obscenity laws? (3) Has the regulation of obscene material been preempted by state statute?
The factual and procedural history by which this matter comes before the court may be summarized briefly. Defendants are the owners and operators of an establishment known as "Adult World," located on U.S. Route 30 within Egg Harbor City, N.J. They operate without a mercantile license. The city initially issued a number of summonses in the municipal court, *113 asserting violations of its licensing and obscenity ordinances, as well as the New Jersey Criminal Code, N.J.S.A. 2C:34-2. While hearings were pending it also initiated a verified complaint and order to show cause in this court, seeking, among other things, injunctive relief. By their answer and counterclaim, defendants assert that they applied and paid for a mercantile license but were unlawfully denied, based on the city's erroneous view that the material being sold was obscene. Defendants affirmatively seek to compel the issuance of the mercantile license and to restrain the prosecution of the municipal court complaints on the ground that the local ordinance is unconstitutional. The city's application for temporary restraints was denied. By later order of the assignment judge it was also instructed to suspend the prosecution of the municipal court complaints pending further order of this court, to which all aspects of the matter were assigned.
The initial question to be determined is whether a court of equity may enjoin violations of the state penal laws or ordinances of a municipality. Ordinarily this question should be answered in the negative. Kugler v. Romain, 110 N.J. Super. 470, 488 (App.Div. 1970), mod. on other grds. 58 N.J. 522 (1971); Inganamort v. Merker, 148 N.J. Super. 506, 508 (Ch.Div. 1977). Absent some statutory authority and except in cases where the activity sought to be enjoined constitutes a nuisance in and of itself, injunctive relief has traditionally been denied based on jurisdictional grounds. As noted in Trisolini v. Metlsner, 23 N.J. Super. 204, 209 (App.Div. 1952), "[s]uch violations are left to the agencies charged with the enforcement of the criminal law."
Prior to the adoption of the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1 et seq., an exception to the above rule existed by means of N.J.S.A. 2A:115-3.5. That statute provided specific authority for injunctive relief in obscenity cases. See G.P. Putnum Sons, Inc. v. Calissi, 86 N.J. Super. 82 (Ch.Div. 1964), *114 rev'd 50 N.J. 397 (1967); Keuper v. Wilson, 111 N.J. Super. 502 (Ch.Div. 1970). Effective September 1, 1977, however, that provision was repealed. N.J.S.A. 2A:98-2. No similar authority presently exists. See N.J.S.A. Title 2C, Special Pamphlet, Disposition Table, at 306 (1981).
Although acknowledging the general rule, plaintiff argues that injunctive relief should be allowed here because defendants' activities constitute a nuisance. Given the present circumstances, however, that is a label which is difficult to apply. For example, there is no suggestion here of pandering. In fact, there is no display of the material at all except to those who choose to enter the store. Nor is anyone likely to enter unwittingly, since a sign clearly identifies the premises as "Adult World." This court can take judicial notice that the public is generally aware of the type of material being sold at similarly labeled establishments. Evid.R. 9(2)(d). Although the city would presumably argue that the mere sale of this material poses a "threat" to the morality of its residents, no case is cited, nor has the court discovered any, which would support the view that such activity constitutes an "actionable nuisance." Cf. G.P. Putnum Sons v. Calissi, supra. In order for plaintiff to sustain the burden on this issue, it must show that there is a "reasonable apprehension of a real and immediate danger and that a material injury will result unless defendants' activities are restrained." Inganamort v. Merker, supra, 148 N.J. Super. at 508-509. There has been no such showing, nor has a factual question been created in that regard. The general rule thus applies and plaintiff may not invoke the equitable powers of this court to enjoin the activities of defendants.
The conclusions related above do not mean that defendants' actions, if unlawful, need go on unimpeded. The question *115 yet to be resolved, however, is what is the appropriate forum for the prosecution of obscenity cases. Normally, violations of local ordinances and disorderly persons offenses are appropriate subjects for disposition in the municipal court. N.J.S.A. 2A:8-21; R. 7:1 et seq. However, while such a remedy is normally sufficient for a licensing violation, given defendants' right to a jury trial,[1] it is not adequate for an obscenity charge. N.J.S.A. 2C:34-2. The resolution of this dilemma is not contained within the Criminal Code, nor do there appear to be any reported cases on the subject. The court is not without guidance, however. Coincidental with the implementation of the Criminal Code the Rules of Court governing criminal practice were also amended. Pressler, Current N.J. Court Rules, Explanatory Note to Part III. R. 3:1-5 reads as follows:
Proceedings involving charges constituting a disorderly persons offense or a petty disorderly persons offense shall be heard in Superior Court when they are brought pursuant to N.J.S.A. 2C:34-2b, N.J.S.A. 2C:37-8 or as otherwise required by law, and shall be governed by the rules in Part III insofar as applicable.
As a result of this rule it is clear that prosecutions for obscenity offenses are to be tried in the Criminal Division of the Superior Court. This court so holds. Cf. N.J.S.A. 2A:6-37 (giving county district courts concurrent criminal jurisdiction with municipal courts); Knox v. Krause, 152 N.J. Super. 278, 281 (Law Div. 1977). In keeping with the previous order of the assignment judge, however, and in order to avoid duplicity here, this court will retain jurisdiction for purposes of disposing of all complaints.
The final issue raised is defendants' claim that the obscenity ordinance upon which plaintiff's complaints are partially *116 based is unconstitutional. This claim need not be resolved, however, given this court's conclusion that the subject matter is preempted by state statute. See Wein v. Irvington, 126 N.J. Super. 410, 414 (App.Div. 1974), certif. den. 65 N.J. 287 (1974); Expo, Inc. v. Passaic, 149 N.J. Super. 416 (Law Div. 1977). Although the preemption does not include the regulation of obscene conduct in live performances, no such conduct is alleged to be part of the within complaints. Also, it should be pointed out that although the case law cited above dealt with N.J.S.A. 2A:115-1, the predecessor to our present statute, there is nothing in the current legislation to suggest that the Legislature intended other than statewide standards for the prosecution of sales of obscene material. Query, whether it had any choice, given the federal constitutional requirements. See Miller v. California, supra, requiring that obscenity convictions be based on depictions of patently offensive sexual conduct, as defined by state law.
In summary, it is the conclusion of this court that (1) the injunctive power of the Chancery Division may not be invoked in this setting for the purpose of enforcing municipal ordinances and state penal statutes; (2) the prosecution of complaints based on alleged violations of the state obscenity laws shall be tried in the Criminal Division of the Superior Court and (3) the local obscenity ordinance is unenforceable insofar as it relates to sales because of the state preemption in the field and therefore the constitutional issue need not be reached. To dispose of the obscenity complaints a jury will be drawn from the Atlantic County panel on a date to be designated for trial. Since this court has determined to retain jurisdiction, all other complaints and prayers for relief will be reconsidered following the outcome of that trial.
NOTES
[1] This legislatively-mandated right appears to be in response to the probable constitutional requirement in that regard. See Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); 2 Seton Hall Leg. J. 179, 210-212 (Summer 1977).