212 N.J. Super. 1 (1986)
512 A.2d 1139
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BILL MEYER OF READERS SHOCASE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1986.
Decided July 16, 1986.
*2 Before Judges DREIER, BILDER and GRUCCIO.
Linda G. Harvey argued the cause for appellant (Greenberg, Dauber & Epstein, attorneys; Melvin Greenberg and Linda G. Harvey, on the brief).
*3 Paul Giblin, Paramus Municipal Attorney, argued the cause for respondent (Giblin & Giblin, attorneys; Giblin, on the brief).
The opinion of the court was delivered by GRUCCIO, J.S.C. (temporarily assigned).
Defendant Readers Shocase appeals from a Superior Court, Law Division ruling that Paramus Borough Ordinance No. 77-6 is constitutional and not preempted by State law. Defendant was found guilty and fined in the municipal court for violating obscenity Ordinance No. 77-6, which regulates the public display of magazines containing nudity. The Superior Court, Law Division, denied defendant's motion to dismiss, remanding to the municipal court for trial. We granted defendant's motion for leave to appeal. R. 2:2-4 and R. 2:5-6.
The Paramus obscenity ordinance is expressly intended "to prohibit the establishment of ... adult book stores and to prohibit stores from displaying or otherwise exhibiting indecent and obscene material." However, Section III, paragraph 2 provides that it "shall not be a violation of this ordinance to sell magazines that may fall within the prohibitions of this ordinance provided that they are not openly exposed to public view." While the ordinance does not prohibit the sale of indecent and obscene material, it nevertheless permits the sale only if such materials "are not exposed to public view."
Readers Shocase, a magazine service which displays a variety of magazines for sale and also offers subscriptions for the displayed magazines, was charged with violating the obscenity ordinance by failing to cover Playboy and Penthouse magazines. The two magazines were alleged to be obscene within the meaning of the ordinance and to have been left in full view by defendant.
At issue in this case is whether the Paramus municipal ordinance is preempted by State law and is constitutionally invalid.
*4 It is unquestioned that municipal ordinances carry a presumption of validity. Moyant v. Paramus, 30 N.J. 528, 534 (1959). However certain areas of the law require that the State speak with one voice, and these areas are preempted from local regulation by State law. Township of Chester v. Panicucci, 62 N.J. 94, 99-100. In Wein v. Town of Irvington, 126 N.J. Super. 410 (App.Div. 1974), certif. den. 65 N.J. 287 (1974), the court discussed the State's involvement in the field of obscenity and stated: "it is our view that statutes on obscenity enacted by the Legislature since 1957, and particularly in 1971, evidence a clear design for uniform state-wide treatment of the subject." Id. 126 N.J. Super. at 414. The court further found that the "Legislature has launched a broad attack on a problem it considered offensive to the public community. It has declared the public policy in the matter and clearly spelled out the need for a uniform mode of treatment." Id. at 416.
The court's holding in Wein has been followed consistently. In Egg Harbor v. Colasuonno, 182 N.J. Super. 110 (Ch.Div. 1981), the court pointed out that although Wein interpreted N.J.S.A. 2A:115-1, the predecessor to N.J.S.A. 2C:34-2, there was a clear legislative intent to have a statewide standard. Id. at 116. See also Expo, Inc. v. City of Passaic, 149 N.J. Super. 416, 421; State v. Crawley, 90 N.J. 241, 250 (1982); Dimor, Inc. v. City of Passaic, 122 N.J. Super. 296, 302 (Law Div. 1973). In the case before us, the municipal court judge's remarks illustrate the wisdom of State preemption in determining what material is obscene. The municipal court judge stated, "Paramus has decided in their Borough Ordinance and the police officers have decided that this type of magazine in their minds, are adult publications."
N.J.S.A. 2C:1-5d prohibits the enactment or enforcement of any local ordinance which conflicts with or is preempted by the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1, et seq., or the policies expressed by the Code. Even when there is no apparent conflict between a local ordinance and a state statute, "[i]f, upon an examination of the totality of the subject *5 matter, it is concluded that the Legislature intended to solely occupy the field, it would then have preempted the same and the ordinance of necessity would be ultra vires and invalid." Id. at 302.
The subject of obscenity has largely been preempted by the Code. N.J.S.A. 2C:34-2; Egg Harbor v. Colasuonno, supra, 182 N.J. Super. at 116. Nevertheless, specific authority has been given to municipalities to relax the State prohibition of the sale of obscene material.
A person who sells obscene material to a person 18 years of age or older commits a crime of the fourth degree.
Nothing contained herein shall be construed to prohibit a municipality from adopting as part of its zoning ordinance an ordinance permitting the sale of obscene material, in which event such sale shall be deemed legal. [N.J.S.A. 2C:34-2b].
The use of such zoning ordinance to control the location of such activities has been upheld by the United States Supreme Court. City of Renton v. Playtime Theatres, Inc., ___ U.S. ___, ___ ___, 106 S.Ct. 925, 929-930 89 L.Ed.2d 29, 38-39 (1986).
An examination of the Paramus Ordinance No. 77-6 discloses that it is not part of its zoning ordinance and does not control the location of the sale of obscene materials but the manner of their sale. The ordinance attempts to regulate the sale of obscene materials which is preempted by State legislation. It thus does not fall within the legislative grant and its enforcement is prohibited by N.J.S.A. 2C:1-5d.
Also, the distinction that Paramus attempts to make between the sale and display of obscene material is one that should be properly addressed by the State Legislature and is immaterial to the preemption issue. The local ordinance is unenforceable once the State has occupied the field.
Additionally, we are compelled to note that the definition of obscenity set forth in the Paramus ordinance impermissibly conflicts with that set forth in N.J.S.A. 2C:34-2a and the requirements of the United States Constitution.
A three-part test for obscenity was set forth in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. *6 Attorney General of the Commonwealth of Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1, 5-6 (1966) (Memoirs). The Memoirs test was rejected in Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614-15, 31 L.Ed. 419, 431 (1973). In order for a court to find material obscene pursuant to Miller, the court determines:
(a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest, Kois v. Wisconsin, supra, [408 U.S. 229] at 230, [92 S.Ct. 2245, 2246 33 L.Ed.2d 312, [(1972)], quoting Roth v. United States, supra, [354 U.S. 476] at 489, [77 S.Ct. 1304, 1311,] 1 L.Ed.2d 1498 [(1957)]; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.
In State v. DeSantis, 65 N.J. 462 (1974) the court discarded the Memoirs test and adopted the Miller test. Id. at 474.
The Paramus ordinance fails to meet the constitutional standard established in Miller and adopted by the New Jersey Supreme Court in DeSantis by allowing compliance with either the third prong of the Miller or the rejected Memoirs test. Therefore, the ordinance would be constitutionally defective, if it were an otherwise valid exercise of municipal authority.
Reversed.