748 A.2d 163

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. CALVIN FELDER, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JORGE PEREZ, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 14, 2000—Decided April 5, 2000.

Before Judges SKILLMAN, D'ANNUNZIO and FALL.

*Richard S. Hanlon*, attorney for appellants.

*Sean M. Connelly,* Corporation Counsel, attorney for respondent (*Kevin Brown,* Assistant Municipal Prosecutor, on the briefs).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

Defendants were charged in the Jersey City Municipal Court with violating a municipal ordinance that prohibits a person from knowingly loitering in a public place where a controlled dangerous substance is being unlawfully distributed. Both defendants sought dismissal of the charges on the ground that the municipal ordinance is preempted by the Code of Criminal Justice (the Code), *N.J.S.A.* 2C:1–1 to 104–9. The municipal court rejected this defense and found defendants guilty. On appeal, the Law Division also rejected the defense, and affirmed defendants' convictions. Defendants filed separate appeals. Because the appeals involve the same issue, we now consolidate them.

The municipal ordinance that defendants were found to have violated, which was adopted by the Jersey City Municipal Council in 1998 and is entitled, "Prohibiting the Purchase and Acquisition of Controlled Dangerous Substances," provides in pertinent part:

A. It is unlawful for any person, knowingly or purposely to purchase or obtain or attempt to purchase or obtain a controlled dangerous substance or controlled substance analog as defined in N.J.S.A. 2C:35–2, unless the substance was obtained directly, or pursuant to a valid prescription or order form from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by P.1970. C. 226. N.J.S.A. 24:21–1 et seq.

B. It shall be unlawful for any person to knowingly loiter about or at any place or area open to the public where a controlled dangerous substance or a controlled substance analog as defined in N.J.S.A. 2C:35–2 is being illegally sold, dispensed, furnished, given away or stored.

[Jersey City, N.J., Ordinance 242–10 (Feb. 25, 1998).]

The Code contains a specific legislative declaration that municipal ordinances that deal with areas of criminal law covered by the Code are preempted. *N.J.S.A.* 2C:1–5d provides:

Notwithstanding any other provision of law, the local governmental units of this State may neither enact nor enforce any ordinance or other local law or regulation

conflicting with, or preempted by, any provision of this code or with any policy of this State expressed by this code, whether that policy be expressed by inclusion of a provision in the code or by exclusion of that subject from the code.

In *State v. Crawley*, 90 *N.J.* 241, 447 *A.*2d 565 (1982), the Court held that even though the Code does not contain a general prohibition against loitering, a Newark Municipal Ordinance that prohibited loitering was preempted under *N.J.S.A.* 2C:1–5d. The Court reasoned that because (1) pre-Code law included a specific prohibition against loitering, (2) the proposed Code contained a prohibition against certain forms of loitering, which was eliminated before the Code's enactment, and (3) the Code in its present form deals extensively with street conduct similar to loitering, *id.* at 245–46, 447 *A.*2d 565, "the absence of a loitering proscription from the Code reflects a state policy to decriminalize such activity." *Id.* at 247, 447 *A.*2d 565. The Court also commented more generally upon the legislative intent to prohibit local criminal laws dealing with conduct covered by the Code:

> The Legislature's central purpose in enacting the Penal Code was to create a consistent, comprehensive system of criminal law.
>
> . . . .
>
> If municipalities were permitted to adopt local counterparts to provisions of the Code, the express legislative policy of eliminating "overlapping and redundant provisions" from the criminal law would be defeated. This policy, then, implies a general legislative intent to exclude local legislation from areas covered by the Code of Criminal Justice.
>
> [*Id.* at 250–51, 447 *A.*2d 565.]

It is even clearer in this case than in *Crawley* that the municipal ordinance under which defendants were convicted is preempted by the Code. Although the Court in *Crawley* concluded that Newark's prohibition against loitering was preempted even though the Code does not contain a general prohibition against loitering, the conduct prohibited by the Jersey City Municipal Ordinance is expressly prohibited by the Code. Paragraph A of the ordinance, which provides that "[i]t is unlawful for any person, knowingly or purposely to purchase or obtain or attempt to purchase or obtain a controlled dangerous substance or controlled dangerous substance analog as defined in *N.J.S.A.* 2C:35–2," is similar to *N.J.S.A.* 2C:35–10a, which provides that "[i]t is unlawful for any person,

knowingly or purposely, to obtain, or to possess, actually or constructively, a controlled dangerous substance or controlled substance analog." Paragraph B of the ordinance, which provides that "[i]t shall be unlawful for any person to knowingly loiter about or at any place or area open to the public where a controlled dangerous substance or a controlled substance analog as defined in *N.J.S.A.* 2C:35-2 is being illegally sold, dispensed, furnished, given away or stored," is directed at substantially the same conduct as *N.J.S.A.* 2C:33-2.1b, which provides that:

> A person, whether on foot or in a motor vehicle, commits a disorderly persons offense if (1) he wanders, remains or prowls in a public place with the purpose of unlawfully obtaining or distributing a controlled dangerous substance or controlled substance analog; and (2) engages in conduct that, under the circumstances, manifests a purpose to obtain or distribute a controlled dangerous substance or controlled substance analog.

Therefore, the Jersey City Municipal Ordinance is "preempted by" specific "provision[s] of [the] code." *N.J.S.A.* 2C:1-5d.

Jersey City argues that its ordinance is not preempted because it focuses upon "solicitation" of drug transactions while *N.J.S.A.* 2C:33-2.1 deals primarily with loitering. Even if Jersey City's characterization of *N.J.S.A.* 2C:33-2.1 were accurate, the ordinance still would be preempted, because a legislative intent to exclude supplementary local legislation may be expressed not only by "inclusion of a provision in the code" but also "by exclusion of that subject from the code." *N.J.S.A.* 2C:1-5d. In any event, *N.J.S.A.* 2C:33-2.1 specifically deals with solicitation of drug transactions, by making it a disorderly persons offense for a person to "wander[ ], remain[ ] or prowl[ ] in a public place with the purpose of unlawfully obtaining or distributing [drugs]," and to "engage[ ] in conduct that, under the circumstances, manifests a purpose to obtain or distribute [drugs]," *N.J.S.A.* 2C:33-2.1b, and by providing that a purpose to obtain or distribute drugs may be inferred where a person "[r]epeatedly beckon[s] to or stop[s] pedestrians or motorists in a public place" or "[r]epeatedly circl[es] in a public place in a motor vehicle and on one or more occasions pass[es] any object to or receiv[es] any object from a person in a public place," *N.J.S.A.* 2C:33-2.1c. *See State v.*

*Kazanes,* 318 *N.J.Super.* 421, 424–27, 724 *A.*2d 285 (App.Div.1999). Therefore, it is clear that both *N.J.S.A.* 2C:33–2.1 and the Jersey City Municipal Ordinance deal with solicitation of drug activity.

Jersey City also argues that subsection B of its ordinance is not preempted because it requires a lesser standard of culpability— "knowingly" loitering in a public place where drugs are sold—than *N.J.S.A.* 2C:33–2.1b, which requires the State to show that the accused loitered with the "purpose" of unlawfully obtaining drugs. However, the inconsistency between the culpability standards of *N.J.S.A.* 2C:33–2.1 and the Jersey City Ordinance only underscores the point that the Code and the local ordinance deal with the same criminal conduct in a different manner, and consequently the ordinance is preempted. *See Crawley, supra,* 90 *N.J.* at 250–51, 447 *A.*2d 565. The Legislature may well have required a showing of purposeful conduct to establish a violation of *N.J.S.A.* 2C:33–2.1b in recognition of the difficult constitutional problems posed by prohibitions against loitering. *See id.* at 246–47, 447 *A.*2d 565; *State v. Zito,* 54 *N.J.* 206, 215–19, 254 *A.*2d 769 (1969). But whatever the reason for this culpability standard, it is an integral part of the Code's prohibition against loitering related to obtaining or distributing drugs, which preempts any local ordinance that deals with the same subject matter.

Accordingly, the orders of the Law Division upholding the validity of the Jersey City Municipal Ordinance prohibiting the acquisition of controlled dangerous substances and affirming defendants' convictions are reversed.