affirm Judge Cook in all respects but the UIM claims and remand for entry of an order dismissing those claims.

813 A.2d 556

STATE OF NEW JERSEY (TOWNSHIP OF WEST ORANGE), PLAINTIFF–RESPONDENT, v. CARL A. PASERCHIA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 3, 2002—Decided January 6, 2003.

Before Judges SKILLMAN, CUFF and LEFELT.

*The Cozzarelli Law Firm,* attorneys for appellant (*Jill Anne LaZare,* on the brief).

*Rabinowitz, Trenk, Lubetkin & Tully,* attorneys for respondent (*Richard D. Trenk* and *Joni H. Noble,* of counsel and on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

Following a trial *de novo* in the Law Division, defendant Carl Paserchia was convicted of violating a municipal ordinance banning disorderly conduct. Defendant was fined $500 plus $30 court costs. The fine has been stayed pending appeal. In this appeal, we must determine whether the municipal ordinance is preempted

by *N.J.S.A.* 2C:33–2. We hold that it is and reverse the conviction founded on the municipal ordinance.

The events giving rise to the criminal complaint occurred on December 16, 2000, following an office Christmas party. After leaving the party, defendant and a group of coworkers went to a bar in West Orange. After consuming several alcoholic beverages at the bar, defendant was asked to leave the premises at about 12:15 a.m. Witnesses testified that defendant had an alcohol smell on his breath, swayed as he walked, waved his arms, cursed, argued with the bouncer and other patrons, and yelled at the parking attendants. An off-duty West Orange police officer working as a security guard that evening approached defendant and informed defendant that he would be arrested if he did not change his behavior. A back-up officer was called in case defendant's conduct deteriorated.

After some discussion with the officers, defendant's friends agreed to put defendant in a taxi and send him home. A taxi arrived and defendant was placed in the taxi; however, twenty minutes later the taxi returned with defendant. Defendant exited the vehicle and tried to re-enter the bar. When he was barred, defendant began arguing with the police officers, cursing and speaking loudly. He yelled "go f—k yourself, f—k you, f—k the police, if you lock me up, you don't know who you're messing with, I'm a police officer." He repeatedly insisted that he had paid to get into the bar and paid for his drinks and the bar could not restrict his re-entry. When defendant ignored the efforts by both officers to calm him, he was arrested. He was charged with violating West Orange Ordinance 4–12.3. No charge against *N.J.S.A.* 2C:33–2 was filed.

Defendant was convicted of violating the ordinance in the municipal court. His argument that the ordinance was preempted by *N.J.S.A.* 2C:33–2 was rejected by the municipal court. The judge reasoned that *N.J.S.A.* 2C:33–2 covers different behavior and requires purposeful behavior. In defendant's appeal to the Superior Court, his preemption argument was also rejected. The Law

Division judge held that the ordinance is neither in conflict with nor preempted by *N.J.S.A.* 2C:33–2 because the statute does not explicitly state that it intends to occupy the field of disorderly conduct, the ordinance does not conflict with the State penal code, and disorderly conduct does not require a uniform State-wide approach.

On appeal, defendant raises the following arguments:

POINT I. THE MUNICIPAL ORDINANCE IS PRE–EMPTED BY *N.J.S.A.* 2C:33–2.

    A.  The West Orange Ordinance 4–12.3 Is Preempted Because It Overlaps and Conflicts with N.J.S.A. 2C:33–2.

    B.  The West Orange Ordinance 4–12.3 Is Preempted Because The Subject Matter Reflects A Need For Uniformity.

    C.  The West Orange Ordinance 4–12.3 Is Preempted Because It Thwarts Legislative Intent and Because The State Scheme Is So Comprehensive That It Precludes Municipal Regulation.

POINT II DEFENDANT CANNOT BE FOUND GUILTY OF VIOLATING N.J.S.A. 2C:33–2 BECAUSE THERE WAS ABSOLUTELY NO FINDING OF INTENT OR OF DEFENDANT GOING BEYOND OFFENDING THE SENSIBILITIES OF A LISTENER.

Defendant was convicted of violating West Orange Ordinance 4–12.3 which provides:

No person shall disturb, by any violent, abusive, loud or threatening language, or disorderly or indecent behavior of any kind, any lawful congregation or assembly of any kind or description in any place or building within the Township.

The State argues that there is nothing to indicate that the Legislature intended *N.J.S.A.* 2C:33–2 to exclusively occupy the field in question. It also contends that the ordinance does not conflict with any provision of Title 2C or any policy stated in Title 2C and does not involve a subject matter which requires a uniform State-wide approach.

    ■  The New Jersey Code of Criminal Justice (Code), *N.J.S.A.* 2C:1–1 to 65–4, is designed to create a comprehensive system of criminal law. *State v. Crawley,* 90 *N.J.* 241, 252, 447 *A.*2d 565 (1982). The Legislature specifically charged the Criminal Law Revision Commission to craft a code of criminal justice which not only modernized the criminal law of this State but also eliminated

inconsistencies, ambiguities, and overlapping and redundant provisions. *L.* 1968, *c.* 281, § 4. Reflecting that charge, the Code as adopted by the Legislature contains a preemption provision. *N.J.S.A.* 2C:1–5d provides

> d. Notwithstanding any other provision of law, the local governmental units of this State may neither enact nor enforce any ordinance or other local law or regulation conflicting with, or preempted by, any provision of this code or with any policy of this State expressed by this code, whether that policy be expressed by inclusion of a provision in the code or by exclusion of that subject from the code.

The Supreme Court and this court have addressed the application of this statute to municipal ordinances on several occasions. *See State v. Crawley, supra* (municipal loitering ordinance); *State v. Felder*, 329 *N.J.Super.* 471, 748 *A.*2d 163 (App.Div.2000) (municipal loitering for purpose of obtaining narcotics ordinance); *State v. Meyer*, 212 *N.J.Super.* 1, 512 *A.*2d 1139 (App.Div.1986) (local obscenity ordinance); *Dolecky v. Borough of Riverton*, 223 *N.J.Super.* 354, 538 *A.*2d 856 (Law Div.1987) (ordinance prohibiting posting of "No Trespassing" signs). The two most pertinent cases are *State v. Crawley, supra,* and *State v. Felder, supra.*

In *State v. Crawley, supra,* the Court addressed a municipal loitering statute and found it was preempted by the exclusion of any general provision prohibiting loitering in the Code. An examination of Chapter 33 of the Code, which deals extensively with street conduct of the same type as loitering, and the exclusion of a loitering provision from a draft prior to enactment, provided ample evidence of a State policy to decriminalize such behavior. 90 *N.J.* at 244–47, 447 *A.*2d 565. Furthermore, the Court recognized that the broad grant of authority to municipalities to adopt ordinances reasonably related to the public health, safety and welfare was constrained by the local focus of a municipality's authority. In other words,

> the grant of legislative powers to municipalities "relates to matters of local concern which may be determined to be necessary and proper for the good and welfare of local inhabitants, and not to those matters involving state policy or in the realm of affairs of general public interest and applicability."
>
> [*Id.* at 248, 447 *A.*2d 565(quoting *Wagner v. Newark*, 24 *N.J.* 467, 478, 132 *A.*2d 794 (1957)).]

In *State v. Felder, supra,* this court addressed another municipal loitering ordinance. Unlike the statute in *Crawley,* the municipal ordinance examined in *Felder* went beyond a general loitering prohibition. Rather, the ordinance prohibited a person from loitering in an area where a controlled dangerous substance is being unlawfully distributed. 329 *N.J.Super.* at 472, 748 *A.*2d 163. Furthermore, unlike in *Crawley,* a statute, *N.J.S.A.* 2C:33–2.1b, was directed at substantially the same conduct. *Id.* at 474, 748 *A.*2d 163. We held that the municipal ordinance was preempted by the statute because both provisions deal with the same activity. *Id.* at 474–75, 748 *A.*2d 163.

■ Our review of the West Orange ordinance and *N.J.S.A.* 2C:33–2 convinces us that both provisions address the same activity. Furthermore, an examination of Chapter 33 of the Code reveals a policy to comprehensively address street behavior and other conduct in public places which may disturb citizens and disrupt peaceful society. *N.J.S.A.* 2C:33–1 to –28 addresses offenses against the public order, health and decency. It proscribes rioting and failure to disperse (*N.J.S.A.* 2C:33–1), harassment (*N.J.S.A.* 2C:33–4), obstructing highways and other public passages (*N.J.S.A.* 2C:33–7), disrupting meetings and processions (*N.J.S.A.* 2C:33–8), and disorderly conduct (*N.J.S.A.* 2C:33–2).

■ *N.J.S.A.* 2C:33–2, which proscribes disorderly conduct, provides:

a. **Improper behavior.** A person is guilty of a petty disorderly persons offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating risk thereof he

(1) Engages in fighting or threatening, or in violent or tumultuous behavior; or

(2) Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

b. **Offensive language.** A person is guilty of a petty disorderly persons offense if, in a public place, and with purpose to offend the sensibilities of a hearer or in reckless disregard of the probability of so doing, he addresses unreasonably loud and offensively coarse or abusive language, given the circumstances of the person present and the setting of the utterance, to any person present.

"Public" means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways,

transport facilities, schools, prisons, apartment houses, places of business or amusement, or any neighborhood.

This section is equally applicable to the conduct sought to be prohibited by the West Orange ordinance. Indeed, other than arguing that the ordinance does not require purposeful activity by the defendant, the municipality does not explain how the statute does not address municipal concerns regarding unruly behavior in public places. We discern nothing about defendant's behavior or the nature of the establishment at which defendant was a patron or the character of the community which implicates unique local concerns requiring an individualized response by the municipality.

Furthermore, the lesser standard of culpability required by the ordinance due to the omission of purposeful conduct as required by *N.J.S.A.* 2C:33–2 does not resolve the facial conflict alleged by the State. Indeed, in *Felder* we stated:

the inconsistency between the culpability standards of *N.J.S.A.* 2C:33–2.1 and the ... [o]rdinance only underscores the point that the Code and the local ordinance deal with the same criminal conduct in a different manner, and consequently the ordinance is preempted.

[329 *N.J.Super.* at 475, 748 *A.*2d 163.]

The requirement of purposeful conduct may have been included by the Legislature in recognition of the difficult constitutional problems posed by prohibitions against offensive speech. *See Cohen v. California,* 403 *U.S.* 15, 91 *S.Ct.* 1780, 29 *L.Ed.*2d 284 (1971); *State v. Rosenfeld,* 62 *N.J.* 594, 303 *A.*2d 889 (1973). Whatever the reason, purposeful conduct is an integral part of the Code's prohibition against disorderly conduct and *N.J.S.A.* 2C:33–2 overrides any local ordinance that addresses the same subject matter.

Accordingly, the order of conviction is reversed.